## IN THE UNITED STATES DISTRICT
## FOR THE WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

Civil Action No.:  1:23-cv-108-GNS

**JESSE L. CHAPMAN** and
**LAURA CHAPMAN, HIS WIFE**                                            **PLAINTIFF(S)**

**VS.**

**LOGAN COUNTY SHERIFF DEPARTMENT**
Serve at:                              Aaron D. Smith
                                       English, Lucas, Priest & Owsley, LLP
                                       P.O. Box 770
                                       Bowling Green, KY 42102-0770

**LOGAN COUNTY SHERIFF, STEPHEN STRATTON,**
**Individually, and in his official capacity as Sheriff of Logan County**
Serve at:                              Logan County Sheriff's Office
                                       100 N. Owen Street
                                       Russellville, Kentucky 42276

**JARROD BRIAN LYONS (formerly LCSO #712)**
**Individually, and in his official capacity as Logan County Deputy/Officer**
Serve at: Last known address:                    Jarrod Brian Lyons
                                                 110 Logan Lane
                                                 Russellville, Kentucky 42276

**AND**

**BREANNA WHITAKER (formerly LCSO #715)**
**Individually, and in her official capacity as Logan County Deputy/Officer**
Serve:                                 Simpson County Sheriff's Office
                                       203 E. Kentucky Street
                                       Franklin, Kentucky 42134          **DEFENDANT(S)**

## COMPLAINT

COMES NOW the Plaintiffs, Jesse L. Chapman and Laura Chapman, by counsel, and for

their Complaint, state as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §§ 1331, 1343, 42 U.S.C. §§ 1983, 1988; and supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.      Venue is proper in this Court under 28 U.S.C. § 1391(a) because all Defendants reside in the State of Kentucky, and at least one of the Defendants resides in the Western District of Kentucky.

3.      Venue is also proper in this Court under 28 U.S.C. § 1391(b) because all incidents, events and occurrences giving rise to this action occurred in both Logan and Simpson County, Kentucky, which is the Western District of Kentucky.

## PARTIES

4.      At all relevant times, the Plaintiff, Jesse L. Chapman, was a citizen of the United States and a resident of Warren County, Kentucky.

5.      At all relevant times, the Plaintiff, Laura Chapman, was a citizen of the United States and a resident of Warren County, Kentucky.

6.      At all relevant times, the Defendant, Logan County, Kentucky, was, and, is a political subdivision of the State of Kentucky, organized and existing under and by virtue of the laws of the Constitution of the State of Kentucky.

7.      The County of Logan, Kentucky fulfills its policing functions through the Logan County Sheriff's Department, which is, and was at all relevant times, a law enforcement agency authorized to operate under Kentucky law.

8.      The Logan County Sheriff, at all relevant times herein, was Stephen Stratton.

9.      At all relevant times, the Defendant, Jarrod Brian Lyons, was employed as a Deputy by the Logan County Sheriff's Department, as a duly appointed and sworn officer/Deputy, was acting in his official and individual capacity, and was acting under color of state law, and within the scope of his employment with the Logan County Sheriff's Department.  His chain of command included the duly elected sheriff, Stephen Stratton.

10.     At all relevant times, the Defendant, Breanna Whitaker, was employed as a Deputy by the Logan County Sheriff's Department, as a duly appointed and sworn officer/deputy, was acting in her official and individual capacity, and was acting under color of state law, and within the scope of her employment with the Logan County Sheriff's Department.  Her chain of command included the duly elected Sheriff, Stephen Stratton.

## FACTUAL ALLEGATIONS

11.     On the evening of August 16, 2022, the Plaintiff, Jessee Chapman, and his spouse had been in a verbal disagreement.  After leaving that location, Mr. Chapman drove to an address in Logan County, Kentucky, to diffuse the situation.  That property was privately owned.

12.     After being at that location, a person, unknown to the Plaintiff, asked him what he was doing there and asked him to leave.  The Plaintiff complied, and drove away.  This individual also contacted law enforcement.

13.     When the Defendant, Lyons, arrived on scene at the caller's address, Defendant Lyons discovered that the Plaintiff was no longer at that address in Logan County.  At this time, Defendant Lyons was also accompanied by a female "ride-a-long" passenger.  As evidenced by the footage of his body and dash cam, Defendant Lyons drove into Simpson County, Kentucky, at a high rate of speed looking for the Plaintiff's vehicle.

14.    As Defendant Lyons located the Plaintiff's vehicle, the Plaintiff was parked beside a public highway, in Simpson County, Kentucky, outside the territorial limits of Logan County, Kentucky and the jurisdiction of the Logan County Sheriff's Office.

15.    Upon seeing the Plaintiff, and for no apparent reason, Defendant Lyons immediately started cursing at the Defendant. Also, despite there being no obvious threat from the Plaintiff, Defendant Lyons immediately drew his service weapon and pointed it at the Plaintiff, who was "showing his hands".

16.    The screenshot below illustrates that the Plaintiff was not a threat to Defendant Lyons and Defendant Whittaker, who was the backing officer and Defendant Lyon's ex-wife.



*Jesse L. Chapman showing both hands as Deputy/Officer Jarrod Lyons pulls up on scene.*

17.    The Plaintiff was then ordered out of his vehicle by Defendant Lyons.  The Plaintiff, not knowing why the police were there, initially refused to get out of his vehicle.  Whereupon, Defendant Lyons began, without provocation or cause, violently assaulting the Plaintiff by punching him in the face.  During this assault, Defendant Lyons ripped the Plaintiff's hearing device (cochlear implant) from his head.  The body-worn camera footage also illustrates that the Plaintiff was telling both deputies that he was "deaf", and that he could not hear Defendant Lyons' commands, and that he was trying to comply.  During the confrontation, the Defendant Whittaker "tazed" the Plaintiff, at least once, and is believed to have struck him with her hands and feet, all without cause.

18.    Both Defendants were acting under color of law and violated the Plaintiff's constitutional rights under both the United States and Kentucky Constitutions, as their actions were intentional, malicious and in bad faith.

## CAUSES OF ACTION

## A. EXCESSIVE USE OF FORCE

19.    The intentional actions of the Defendants Lyons and Whittaker, under color of law, constitute assault and battery, an excessive use of force, and are a violation of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from unreasonable searches, seizures, without probable cause and the right to be free from excessive force.

20.    Such actions also constitute a violation of KRS 431.025(3), which prohibits unnecessary force or violence shall be used in making an arrest.

5

21. As a result of the brutal and unprovoked attack on the Plaintiff, the Plaintiff suffered physical injuries and both physical and mental pain and anguish.

## B. ASSAULT AND BATTERY

21.     The actions of the Defendants constitute an assault and battery against the Plaintiff, all of which resulted in both physical and emotional injuries to the Plaintiff.  The actions of the Defendants Lyons and Whittaker were intentional, malicious, in bad faith and intended to cause unwarranted harm to the Plaintiff.

## C. FALSE/UNLAWFUL IMPRISONMENT AND FALSE ARREST

22.     Defendant Lyons effectuated a false arrest of the Plaintiff, and, therefore, falsely and unlawfully imprisoned the Plaintiff. The Defendant Lyons also falsely charged the Plaintiff with Operating Motor Vehicle Under the Influence, Resisting Arrest, Disorderly Conduct 2nd degree, and Assault 3rd – peace officer.  All charges were subsequently dismissed, upon motion of the Logan County Attorney.

## D. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

23.     The actions, as stated above, by Defendants, Lyons and Whittaker, constitute an intentional infliction of emotional distress under state law.

## E. VIOLATION OF 42 U.S. CODE § 1983

24.     In addition, the actions of the Defendants herein constitute a violation of 42 U.S. Code § 1983.

## F.  NEGLIGENT HIRING, TRAINING AND RETENTION BOND

25.     The Sheriff of Logan County, Stephen Stratton, knew, or should have known of the violent tendencies of Defendant Lyons and Whittaker, but, nonetheless, hired and then retained Defendant Lyons and Whittaker.  Clearly, neither of the Defendants were properly trained on the

use of force, and as a direct and proximate result of the negligence of Defendant Stratton, the Plaintiff suffered injuries from the actions of said Defendants.

26.    The Plaintiff, Laura Chapman, is the wife of Plaintiff, Jesse Chapman, and she hereby asserts her claim for loss of consortium, companionship and services of her husband.

WHEREFORE, the Plaintiffs demand a judgment against these Defendants, and further relief, as follows:

1.    Trial by jury;

2.    Compensatory and punitive damages against the Defendants, as set forth hereinabove, including damages for medical expenses, past, present and future, loss of earning capacity, lost income, past, present and future pain and suffering, both physical and mental, in the amount of One Million Dollars $1,000,000.00;

3.    Costs and attorney's fees, as provided by law; and

4.    Any and all other relief to which the Plaintiffs may appear entitled.

This 15th day of August, 2023.

/s/*B. Alan Simpson*_____
B. Alan Simpson
THE SIMPSON FIRM
908 State Street – 2ND Floor
P.O. Box 3480
Bowling Green, KY  42102
(270)  782-3929